
FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 2 5 2003

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOUIE TELLES,

    Plaintiff,

v.

No. CIV-02-1634 MCA/LFG

BRIAN RESHEDNECK
(Ass't Warden) W.N.M.C.F.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Based on the information about Plaintiff's financial status, the court finds that Plaintiff is currently unable to pay an initial partial payment pursuant to § 1915(b)(1). The initial payment will be waived, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, following an alleged assault, Plaintiff was reclassified and transferred to a higher-security facility. He claims these actions violated his due process rights and his protection against cruel and unusual punishment. The complaint seeks damages.

No relief is available on Plaintiff's claims. First, Plaintiff has no due process right to a particular classification. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Similarly, the complaint fails to state a claim under the Eighth Amendment. Plaintiff complains only of the fact that he was transferred to a higher security facility, not that the placement deprived him of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[A]n Eighth Amendment violation exists 'only when the alleged deprivation is "objectively, 'sufficiently serious,'" and the prison official acts with "'deliberate indifference' to inmate health or safety."'" *Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir. 1996) (quoting *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995)). Plaintiff's claims will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's initial partial payment toward the required filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE